IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ACME WORLDWIDE ENTERPRISES, INC.,

       Plaintiff,

v.                                      No. CV 14-01041 WJ/SCY

INDUSTRIAL SMOKE & MIRRORS, INC.,

       Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO TRANSFER VENUE

       THIS MATTER comes before the Court upon Defendant Industrial Smoke & Mirrors' Motion to Dismiss for Lack of Personal Jurisdiction, **(Doc. 13)**, filed January 5, 2015, and upon Plaintiff ACME Worldwide Enterprises' Motion to Transfer Venue, **(Doc. 32)**, filed March 18, 2015. Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is well taken and, therefore, is **GRANTED**, and that Plaintiff's motion is not well taken and, therefore, is **DENIED**.

       Plaintiff filed its complaint in this Court on November 17, 2014, alleging claims of patent infringement, contributory infringement, unfair competition, and violations of the New Mexico Unfair Practices Act and the New Mexico Uniform Trade Secrets Act. In brief, Plaintiff asserts that Defendant's representatives observed demonstrations of a patent-pending weapons simulation system Plaintiff had developed, then unjustly used Plaintiff's proprietary technology to develop its own competing weapons simulator. In its complaint, Plaintiff stated that Defendant, a Florida corporation with its principal place of business in that state, regularly

conducts business in New Mexico, that Defendant has caused injury to it in New Mexico, and that the Court has personal jurisdiction over Defendant.

Defendant contests Plaintiff's allegations. In its Motion to Dismiss, Defendant argues that it lacks sufficient contacts with New Mexico to satisfy the Court's personal jurisdiction requirements, and it submits several exhibits in support. Defendant says it could not "reasonably anticipate being hailed into court" in New Mexico under these circumstances, *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), and therefore an exercise of jurisdiction over Defendant would not comport with due process.

The Court will not examine this question further because Plaintiff now concedes that the Court lacks personal jurisdiction over Defendant. However, Plaintiff argues in its motion that a transfer of venue to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1631 is more appropriate than dismissal without prejudice. Defendant opposes this prospect and continues to request dismissal rather than transfer.

Federal Rule of Civil Procedure 12(b)(2) allows for the dismissal of a case for lack of personal jurisdiction. The burden of establishing that personal jurisdiction exists over a defendant rests with the plaintiff. *See, e.g.*, *OMI Holdings v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quotation omitted). Here, given Plaintiff's concessions, the Court holds that personal jurisdiction over Defendant is lacking and that the claims in this action should be dismissed without prejudice.

With respect to Plaintiff's motion, 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

The Court has "considerable discretion in deciding whether a § 1631 transfer would be appropriate." *United States v. Botefuhr*, 309 F.3d 1263, 1274 n.8 (10th Cir. 2002) (citation omitted). Factors warranting transfer rather than dismissal include "finding that the new action would be time barred, that the claims are likely to have merit, and that the original action was filed in good faith rather than filed after 'plaintiff either realized or should have realized that the forum in which he or she filed was improper.'" *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (internal citations omitted).

Plaintiff has not established that "the interests of justice require transfer rather than dismissal." *Id.* at 1223. There is no indication by either party that this action would be time-barred in any other court if dismissed here without prejudice. Moreover, Defendant has provided substantial and undisputed evidence that it does not conduct business in New Mexico, and none of the background facts described in Plaintiff's complaint support its allegation, now recanted, that Defendant "regularly conducts business in New Mexico." In other words, Plaintiff had no reason to believe at the outset that the District of New Mexico possessed personal jurisdiction over Defendant. Given the lack of jurisdiction and the factors weighing against transfer, the Court sees no need to determine whether Plaintiff's claims are likely to have merit.

As a subsidiary matter, the parties spend substantial paragraphs bickering about certain procedural issues such as whether Plaintiff's motion also constitutes a response to Defendant's motion. The Court does not opine on these trivial questions in light of the disposition of the case. Suffice it to say that the Court has duly considered both parties' positions on the more substantive questions before it, regardless of how and where those positions were expressed. Accordingly, the Court denies Plaintiff's motion seeking leave to file a surreply, **(Doc. 35)**, as unnecessary to the disposition of these questions.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Transfer Venue, **(Doc. 32)**, is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, **(Doc. 13)**, is GRANTED, and all claims in this action are hereby DISMISSED WITHOUT PREJUDICE.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Leave to File Surreply [*sic*], **(Doc. 35)**, is DENIED.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE